# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Criminal Case No. 16-cr-249-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**1.    DERRICK LUCIUS WILLIAMS JR.,**

    Defendant.

## ORDER REQUIRING FURTHER BRIEFING

Before the Court is Defendant's Motion to Suppress Evidence. (ECF No. 19.) The Court held an evidentiary hearing on June 26, 2017. At the conclusion of that hearing, the Court stated its intent to call for further briefing. The briefing the Court needs is as follows.

    1.    <u>Suspicion of Completed Crimes</u>

Defendant's Motion to Suppress argues, "[T]he Supreme Court has made clear that the reasonable suspicion standard relates to ongoing or imminent criminal activity, not historic acts." (*Id.* at 13.) In support, Defendant cites *United States v. Cortez*, 449 U.S. 411, 417 (1981), for the proposition that "[a]n investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." At the evidentiary hearing, the Government's direct examination and the Defendant's cross-examination took pains to distinguish forward-looking from backward-looking investigation, apparently with this argument in mind.

The footnote attached to the specific sentence from *Cortez* quoted above reads, "Of course, an officer may stop and question a person if there are reasonable grounds to believe that person is wanted for past criminal conduct." 449 U.S. at 417 n.2. And the Supreme Court later held as follows:

> We need not and do not decide today whether *Terry* stops to investigate all past crimes, however serious, are permitted. It is enough to say that, if police have a reasonable suspicion, grounded in specific and articulable facts, that a person they encounter was involved in or is wanted in connection with a completed felony, then a *Terry* stop may be made to investigate that suspicion.

*United States v. Hensley*, 469 U.S. 221, 229 (1985). Accordingly, **what authority supports the notion that "reasonable suspicion" must refer to suspicion of an ongoing or future crime, and not a completed crime?**

2. Manual Searches

A number of the cases on which Defendant relies hold that "manual searches" of a computer—a human searching the computer simply by clicking through visible directories and files—are permissible suspicionless searches. *See United States v. Cotterman*, 709 F.3d 952, 960–61 (9th Cir. 2013) (*en banc*); *United States v. Saboonchi*, 990 F. Supp. 2d 536, 547 (D. Md. 2014).

When Special Agent McGuckin began searching the forensic image of Defendant's laptop on December 1, 2015, he did so by clicking through EnCase's representation of the directory structure, essentially as he could have done on the laptop itself had he known Defendant's password. In other words, as the Court understands the evidence, the only EnCase features McGuckin had used at that point were: (1) its ability to make a forensic image, thus preserving the original hard drive from alteration or damage (a matter the Court finds immaterial to the present analysis);

2

and (2) its ability to bypass a disk's password protection and display the disk's unencrypted contents in essentially the same directory structure that one would see when accessing the disk directly.

**Did the fact that McGuckin needed a special tool to bypass Defendant's password convert his initial search into something other than a "manual search"?** *Cf. United States v. McAuley*, 563 F. Supp. 2d 672, 678 (W.D. Tex. 2008) ("A password is simply a digital lock. Locks are usually present on luggage and briefcases, yet those items are subject to 'routine' searches at ports of entry all the time." (footnote omitted)).

      3.     Subjective Motivation and Reasonable Suspicion

One permissible view of the evidence introduced at the hearing is that Special Agent Allen suspected Defendant might be engaged in some sort of criminal activity, but Allen's decision to have the laptop forensically searched had nothing to do with that suspicion because Allen believed that the "border search" doctrine permits suspicionless searches of all digital devices. **Assuming *arguendo* that the border search doctrine requires reasonable suspicion to conduct anything other than a manual search of a digital device, can a government official be said to possess reasonable suspicion when that official's decision to search was not subjectively motivated by the facts from which reasonable suspicion might arise?**

      4.     Specificity of Reasonable Suspicion

"[R]easonable suspicion is merely a particularized and objective basis for suspecting criminal activity." *United States v. Mabry*, 728 F.3d 1163, 1167 (10th Cir. 2013) (internal quotation marks omitted). In the Court's experience, an indispensable part of the reasonable suspicion analysis is identification of the specific crimes the

relevant government official suspected based on what he or she knew.  **Assuming *arguendo* that the border search doctrine requires reasonable suspicion to conduct anything other than a manual search of a digital device, how specific must the government official be in identifying the suspected criminal activity?  Is it enough for the official to identify a generic category of crimes, such as terrorism or contraband smuggling?**

Accordingly, the Court ORDERS as follows:

1. On or before **July 24, 2017**, each party shall submit a supplemental brief of no more than 15 pages addressing the foregoing questions; and
2. After receipt of the parties' supplemental briefs, the Court will consider whether to permit response briefs.

Dated this 7th day of July, 2017.

BY THE COURT:

_____
William J. Martinez
United States District Judge