IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 16-cr-249-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    **DERRICK LUCIUS WILLIAMS, JR.**,

    Defendant.

---

**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**

---

Before the Court is Defendant Derrick Williams's third Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). ("Motion"). (ECF No. 112.) The Government filed a response in opposition. (ECF No. 114.) Williams filed a reply. (ECF No. 116.) For the following reasons, the Court denies the Motion.

**I. BACKGROUND**

In July 2018, Williams pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (Count 1), and transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1) (Count 2). (ECF No. 69.) The Court sentenced Williams to 84 months' imprisonment on each of Counts 1 and 2, with those sentences to run concurrently. (*Id.*) Williams has served approximately 67 months of his 84-month sentence.

On April 24, 2020, Williams filed his first Motion for Reduced Sentence ("Initial Motion"), seeking release due to his health condition of hypertension. (ECF No. 87.)

On June 18, 2020, the Court denied the Initial Motion.  (ECF No. 95.)  The Court first determined that the sentencing factors set forth in 18 U.S.C. § 3553(a) weighed against his release, as imposing a sentence of time served would not reflect the severity of his offenses or afford adequate deterrence, and that his sentence already reflected a downward departure from the sentencing guidelines.  (*Id.* at 3–4.)  The Court further found that Williams had not established extraordinary and compelling circumstances warranting immediate release despite his hypertension because relatively few COVID-19 cases existed at Williams's facility, and the Bureau of Prisons ("BOP") had taken measure to curtail the spread of the virus.  (*Id.* at 4–6.)

Williams filed a second motion for compassionate release on January 22, 2021, which the Court construed as a motion for reconsideration.  (ECF No. 97.)  He asserted that changed circumstances warranted revisiting the Court's earlier ruling because he had transferred to a new facility, USP Yazoo, which presented an increased risk of contracting COVID-19.  (*Id.* at 1–2.)  On May 13, 2021, the Court denied the construed motion, finding that Williams failed to set forth changed circumstances which required a different ruling.  (ECF No. 111.)

On March 18, 2022, Williams filed the instant Motion, stating that since October 18, 2021, he has been in transport and incarcerated in Tallahatchie County Correctional Facility ("TCCF") in Tutwiler, Mississippi.  (ECF No. 116 at 2.)  Williams is 44 years-old, has diagnosed hypertension, increased chest pain, and difficulty breathing.  (*Id.*)  He states that he has been experiencing health and security risks at Tallahatchie County, including that the facility doors can be unlocked by inmates, his and other cells at times flood with water, where it will remain stagnant for hours without opportunity for cleaning

the cell, and there is pervasive mold in his cell and in others, which he believes is exacerbating his hypertension. (*Id.*) Considering the foregoing, Williams has particular concerns for his health and safety at the facility and seeks a reduction or modification of his sentence. (*Id.*)

## II. ANALYSIS[1]

Williams invokes the Court's authority to grant what is commonly referred to as "compassionate release." The statutory basis for compassionate release is as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> * * *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).

---

[1] Although neither party addresses whether Williams has exhausted his administrative remedies, for the purposes of ruling on this Motion only, the Court will assume that he has done so.

A. **Extraordinary and Compelling Circumstances**

The Court first considers whether extraordinary and compelling circumstances justify Williams's release. *See* 18 U.S.C. § 3582(c). In making this determination, the Court acknowledges the Tenth Circuit's recent guidance in *United States v. Carr*, 851 F. App'x 848 (10th Cir. 2021), holding that a district court retains broad discretion to define extraordinary and compelling circumstances and is not constrained by United States Sentencing Commission policy statements. *Id.* at 853–54; *see also United States v. Maumau*, 994 F.3d 821, 834 (10th Cir. 2021) (stating that "district courts . . . have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons'").

Williams argues that extraordinary and compelling circumstances justify his immediate release because his "hypertension, increased chest pain, and difficulty breathing, coupled with complaints of unsecure and highly unsanitary prison conditions demonstrate extraordinary and compelling reasons which merit a modification of [his] sentence." (ECF No. 116 at 3.) For support, he cites an unpublished District of Kansas case in which the Court granted an *unopposed* motion for compassionate release which involved a 36 year-old defendant with HIV and hypertension, who was at an increased health risk during the COVID-19 pandemic. *See United States v. Villa-Valencia*, 2020 WL 7263894, at *1 (D. Kan. Dec. 10, 2020). He also cites a Fifth Circuit case in which the Court found an Eighth Amendment violation where the plaintiff alleged prolonged placement in solitary confinement in unsanitary conditions. *Hope v. Harris*, 861 F. App'x 571, 583 (5th Cir. 2021).

The Court has considered Williams's complaints and the case law cited. Upon due consideration, the Court finds that the issues about which Williams complains are,

4

as the Government describes, "relatively mundane complaints about prison conditions." (ECF No. 114 at 5.)  None of the medical conditions at issue in the Motion are terminal illnesses or ones that substantially diminish his ability to provide self-care within the correctional facility.  Other than generally stating that he believes he is at great risk to his health, he does not even argue he is experiencing a serious deterioration of his health.  (ECF No. 112 at 1.)  Other factors which might constitute extraordinary and compelling circumstances, such as death or incapacitation of a spouse who was caregiver to his children, are not present.  Williams makes no reference to any new illness or infection in the Motion; in fact, his arguments in the Motion and reply are vague and largely conclusory.  (*See* ECF Nos. 112, 116.)

Exercising its discretion, the Court is not convinced that extraordinary and compelling circumstances exist.  Assuming, however, that Williams's health conditions constitute extraordinary and compelling circumstances, the Court proceeds to the question of whether the sentencing factors set forth in § 3553(a) weigh in favor of Williams's release.

**B.     § 3553(a) Factors**

Williams argues that the sentencing factors set forth in § 3553(a) favor his release because during his incarceration, Williams has "demonstrated a commitment to rehabilitation and continues to make efforts for internal change and accountability." (ECF No. 116 at 4.)  He reports that he would be able to live with a family member in Denver, Colorado, and may have an immediate source of employment at International Paper in Wheat Ridge, Colorado.  (*Id.*)  Further, he states he seeks to utilize community resources to assist with his transition to community life so he can quickly become and

remain a productive and law-abiding member of society.  (*Id.*)

The Government reminds the Court that less than two years ago, the undersigned found that the § 3553(a) factors counseled against Williams's release and declined to revisit that determination less than a year ago.  (ECF No. 114 at 6.)  The Government reiterates that Williams "collected, distributed, transported internationally, and was an active participant in the community of pedophiles that covets images of child sexual abuse."  (*Id.*)  Further, the Government argues that releasing Williams after completing less than 75% of his sentence would undermine the goals set forth in § 3553(a).[2]  (*Id.*)  According to the Government, the Motion provides no reason for the Court to alter its earlier analysis.

The Court agrees with the Government.  While Williams's statements that he has demonstrated a commitment to rehabilitation and makes efforts for internal change and accountability appear encouraging, they are largely superficial.  He has not described any specific actions taken, or any that the Court has not already considered in connection with his two previous motions for compassionate release.[3]  His statements of future employment are merely speculative.

Moreover, the crimes for which the jury convicted Williams were serious and deserve a significant sentence.  Although Williams has now served a large portion of his

---

[2] At the time the Government filed its response, Williams had served approximately 75% of his sentence.  Now, he has served approximately 80% of his sentence.

Relatedly, the Court notes that in his reply Williams states that if released, he will have served "forty-five months of his fifty-six-month sentence, which is eighty percent of his sentence."  (ECF No. 116 at 4.)  This number is inconsistent with the 84-month sentence imposed.

[3] In his reply, Williams cites ECF No. 97, a document the Court considered in connection with his previous motions.  He does not develop any argument in connection with this citation.

sentence, in the Court's view, allowing him to be released from prison having only served 80% of his sentence would not reflect the gravity of the child pornography-related crimes that he committed. The Court therefore finds that a sentence of time served would not be consistent with "the nature and circumstances of the offense," § 3553(a)(1); "the need for the sentence imposed * * * to reflect the seriousness of the offense [and] * * * afford adequate deterrence to criminal conduct," § 3553(a)(2)(A)–(B); and "the kinds of sentence and the sentencing range established for [Williams's crimes]," § 3553(a)(4).

### III. CONCLUSION

For the reasons set forth above, Williams's Motion for Compassionate Release (ECF No. 112) is DENIED.

Dated this 19th day of December, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge